UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MELISSA & DOUG, LLC | : | |
| Plaintiff, | : | |
| | : | Civil Action No.: |
| v. | : | |
| LTD COMMODITIES, LLC and TOY QUEST LIMITED, | : | **COMPLAINT** |
| Defendants. | : | July 10, 2015 |

Plaintiff MELISSA & DOUG, LLC ("Melissa & Doug"), by its counsel, alleges as follows:

### NATURE OF THE ACTION AND THE PARTIES

1. Melissa & Doug seeks relief for acts of copyright infringement, under federal law, arising from the Defendants' distribution and sale of a plush toy for which Melissa & Doug own copyright. This action arises under the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq*.

2. Melissa & Doug is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 141 Danbury Road, Wilton, Connecticut.

3. On information and belief, LTD Commodities, LLC ("LTD") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 2800 Lakeside Drive, Bannockburn, Illinois.

4. On information and belief, Toy Quest Limited ("Toy Quest") is a corporation organized and existing under the laws of Hong Kong, China and has an address at 8/F HK Spinners Indl Bldg, 818 Cheung Sha Wan Road, Kowloon, Hong Kong, China.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1338.

6. This Court has personal jurisdiction over LTD because, on information and belief, LTD has committed acts of copyright infringement and caused injury within this Judicial District, it has purposefully engaged in activities giving rise to this claim for copyright infringement, it has availed itself of the privilege of conducting activities in this Judicial District and has delivered infringing goods into the stream of commerce with the expectation that those goods will be purchased and used by consumers in this Judicial District.

7. This Court has personal jurisdiction over Toy Quest because, on information and belief, Toy Quest has committed acts of copyright infringement and caused injury within this Judicial District, it has purposefully engaged in activities giving rise to this claim for copyright infringement, and has delivered infringing goods into the stream of commerce with the expectation that those goods will be purchased and used by consumers in this Judicial District.

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c), and/or § 1400(a). A substantial part of the events giving rise to Melissa & Doug's claims occurred in this Judicial District.

## FACTS

9. Melissa & Doug is engaged in the business of designing, manufacturing and selling toys and creative playthings for children. After starting up in 1988, Melissa & Doug

quickly became well known in the United States and throughout the world for its unique and innovative toy designs, and for providing extremely high quality products. Today, the company is one of the leading innovators in the toy industry, while it maintains a strong local presence in the State of Connecticut.

10. In 2006, Melissa & Doug designed and developed a unique and original plush toy in the form of a toolbox kit. Melissa & Doug is the owner of U.S. Copyright: Registration No. VA 1-692-984, entitled "Toolbox Fill and Spill (3038)," for its plush toy toolbox kit (the "Work"). A copy of the Certificate of Copyright Registration, together with the deposit which shows the Work, is attached as Exhibit A and incorporated herein by reference.

11. Melissa & Doug has complied in all respects with the copyright laws of the United States, 17 U.S.C. § 101, *et seq.*, and has secured the exclusive rights and privileges in and to the Work.

12. On information and belief, LTD is a national catalog and online merchandiser which markets and sells goods throughout the United States. On information and belief, LTD distributes and sells a variety of consumer products, including toys. On information and belief, LTD owns and operates the interactive website www.ltdcommodities.com on which purchasers located anywhere in the United States, including in this Judicial District, may view and purchase LTD's products.

13. On information and belief, LTD has marketed, distributed and sold a plush toy toolbox kit that is virtually identical to Melissa & Doug's Work (the "Accused Product"). Attached as Exhibit B is a page from LTD's website which displays the Accused Product and by which LTD has marketed and offered the Accused Product for sale throughout the United States, including within this Judicial District.

14. On information and belief, Toy Quest sources merchandise from factories in China and sells the merchandise to distributors in the United States for resale to consumers. On information and belief, Toy Quest supplied the Accused Product to LTD and others, with the expectation that those goods will be purchased and used by consumers in this Judicial District.

15. The Accused Product is virtually identical to Melissa & Doug's copyrighted Work, and at least substantially similar to it. Defendants have without authorization copied every material detail of the Work by distributing and selling the Accused Product.

16. On information and belief, Defendants had access to the copyrighted Work by, among other things, the widespread distribution and sale of the Melissa & Doug product embodying the Work throughout the United States and display of that product on Melissa & Doug's website and in its catalogues, and the fact that Melissa & Doug's products are well-known in the industry and in the public.

17. On information and belief, Defendants marketing and sale of the Accused Product has been deliberate and intentional and with full knowledge of Melissa & Doug's rights. Melissa & Doug has been and is being irreparably injured and monetarily damaged by the Defendants' acts. Melissa & Doug has no adequate remedy at law.

## CLAIM FOR RELIEF

18. Melissa & Doug repeats and realleges the allegations contained in Paragraphs 1 through 17 of this Complaint.

19. This cause of action is for copyright infringement and arises under Section 501 of the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*

20. By the acts above alleged, Defendants have infringed Melissa & Doug's rights in the copyrighted Work.

21. Defendants' acts are and have been without Melissa & Doug's consent or authorization, and are and have been willful.

22. Melissa & Doug has been and continues to be irreparably injured and monetarily damaged by Defendants' acts. Melissa & Doug has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Melissa & Doug demands judgment against Defendants as follows:

A. Adjudging and decreeing that Defendants have infringed Melissa & Doug's copyright;

B. Preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees and attorneys, and all other persons who are in active concert or participating with any of them, from manufacturing, importing, distributing, advertising, promoting, selling and/or offering to sell a plush toy that embodies a design which is a copy of, or which is substantially similar to, the Work;

C. Requiring Defendants to pay their profits to Plaintiff, any damages sustained by Plaintiff as a result of Defendants' acts, and Plaintiff's costs for this action, and attorneys' fees, pursuant to 17 U.S.C. §§ 504 and 505;

D. Requiring Defendants to pay to Plaintiff statutory damages, pursuant to 17 U.S.C. § 504(c);

E. Requiring that all product labels, signs, prints, packages, wrappers, receptacles, and advertisements of Defendants which bear or embody the Work, and any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices and other means of making the same, be delivered up to Plaintiff for destruction, pursuant to 17 U.S.C. § 503;

F.   Requiring Defendants to pay to Plaintiff three times the amount of actual damages, and costs and reasonable attorneys' fees incurred by Melissa & Doug in this action, because of the exceptional nature of this case, pursuant to 17 U.S.C. § 505 and other applicable law;

G.   For prejudgment interest on all damages awarded by this Court; and,

H.   For such other and further relief as this Court may deem necessary and proper.

## DEMAND FOR JURY TRIAL

Melissa & Doug hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

By:   MELISSA & DOUG, LLC

*s/ David R. Schaefer*_____
BRENNER, SALTZMAN & WALLMAN LLP
David R. Schaefer (ct04334)
Sean M. Fisher (ct23087)
271 Whitney Avenue
New Haven, CT  06511
Telephone: (203) 772-2600
Facsimile:  (203) 562-2098
Email:  dschaefer@bswlaw.com

and

COOPER & DUNHAM LLP
Wendy E. Miller
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 278-0400
Facsimile: (212) 391-0525
Email: wmiller@cooperdunham.com

Attorneys for Plaintiff

6